UNITED STATES of America,
Plaintiff,

v.

Carl ROSS and Ross Glove Company,
Defendants.

No. 67–C–140.

United States District Court
E. D. Wisconsin.

Jan. 10, 1968.

James B. Brennan, U. S. Atty., by Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Marvin E. Klitsner, Milwaukee, Wis., and Walter Treumann, Chicago, Ill., of Foley, Sammond & Lardner, Milwaukee, Wis., for defendants; Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., of counsel.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The complaint in this case charges that the defendants imported gloves "by means of false invoices, statements and

declarations". Under rule 34 of the federal rules of civil procedure, the defendants have applied to the court for an order requiring the plaintiff to produce certain documents. Although the government acquiesces in some of the requests for documents, it opposes others.

■ Regarding paragraphs 4 and 5 of the defendants' motion, the plaintiff is amenable to producing all documents filed by the defendants themselves with the plaintiff in connection with the 71 shipments of gloves from the Philippine Islands. However, the plaintiff objects to furnishing to the defendants "each and every document constituting alleged false invoice, statement or declaration, as referred to in paragraphs III and IV of the plaintiff's complaint". The plaintiff relies on Hauger v. Chicago, Rock Island and Pacific Railroad Company, 216 F.2d 501, 507 (7th Cir. 1954) to support its contention that the defendants are not entitled to such documents.

In my opinion, the government's reliance upon the *Hauger Case* is misplaced because in that case there was an absence of good cause to justify the production of the documents. There, the court concluded that the plaintiff wanted the documents produced simply "to assist himself in preparing his case". In Hauger there was a total absence of any special circumstances to show the existence of good cause. In the case at bar, however, the documents sought are exclusively in the possession of the United States; there would be no way for the defendants to obtain knowledge as to their contents other than by their production. As stated by the court in Hauger (p. 508), the defendants " * * * would find it virtually impossible to make any independent investigation. * * *." The defendants in the case at bar have exhibited good cause requiring production of the documents sought in paragraphs 4 and 5.

■ The government also objects to the defendants' demand for documents in paragraph 6 of their motion, contending that the enforced production of investigative reports is restricted. In the Code of Federal Regulations, under Title 19, there is a provision in § 26.7 which provides that " * * * the collector of customs shall refuse to permit any person except as provided in § 26.4, to copy the name of any such consignee from manifests." In my opinion, this regulation does not necessarily operate to preclude otherwise valid discovery under rule 34 as to matters in litigation.

■ The defendants' application for the production of documents relating to appraisements in paragraph 7 of the defendants' motion is also resisted by the government. The plaintiff takes the position that appraisement under 19 U.S. C. § 1402 is not material to the case now before this court.

In my opinion, the plaintiff's objection to the documents specified in paragraph 7 is not well taken. Under rule 34, the court may order the production of documents upon a showing of good cause. The defendants have met such requirement, and the writings sought would not appear to come within the "work product" rule under Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Accordingly, the defendants are entitled to the production of the documents specified in paragraph 7 of their motion.

■ In paragraph 8 of their motion, the defendants seek the production of documents "in connection with any petitions for remission or mitigation of penalties submitted or filed by the defendants". In paragraph 9, the defendants seek documents relating to public statements made by government agents concerning the instant legal dispute. In my opinion, the defendants have not shown good cause so as to warrant the court's ordering the plaintiff to comply with the

demand for documents as called for in paragraphs 8 and 9 of their motion.

It is ordered that the defendants' motion be granted in part and denied in part, all as outlined in the foregoing decision.